UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES  DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>UNITED STATES,<br>　　　　　　　Defendant.<br>_____/ | No. C 10-00647 LB<br><br>**ORDER REGARDING CASE MANAGEMENT DATES AND PLAINTIFF'S MOTIONS**<br><br>**[ECF Nos. 51, 53, 54, and 55]** |

　　The court held a further case management conference in this matter on June 9, 2011. This order memorializes the rulings that the court made on the record at that hearing.

　　1. ***Motion for Sanctions For Failure to Answer Interrogatories.*** Mr. Johnson filed a motion for sanctions for the government's failure to answer interrogatories. *See* ECF No. 51. That motion did not comply with the court's standing order regarding discovery disputes, which requires the parties to meet and confer about discovery disputes and if that process does not resolve the dispute, to file a joint letter. Moreover, the motion was filed on June 1, 2011, the case management conference was June 9, 2011, and thus the motion was not filed 35 days before the hearing date, as required by Civil Local Rule 7-2.

　　All that being said, given the nature of the dispute, the court gave some guidance on the record about what civil discovery is and what it is not, and it gave specific examples of how the government's responses to Mr. Johnson's interrogatories were not problematic. The court then

1  directed the government to respond to Mr. Johnson's objections to its responses to the
2  interrogatories by June 17, 2011. Mr. Johnson is directed – if he can – to provide a copy of his
3  motion in a word-processable electronic format to the government no later than June 13, 2011. This
4  will allow the government to insert its response to each interrogatory immediately below Mr.
5  Johnson's position, thereby allowing the court to review each interrogatory more easily. If Mr.
6  Johnson does not provide an electronic copy, then the government should file its objections in a
7  document that lists the interrogatory by number and sets forth only its position to Mr. Johnson's
8  objection.

   2. ***Motion for Default Judgment.*** Mr. Johnson filed a motion for default judgment on June 8, 2011. *See* ECF No. 53. The court denies it without prejudice because the factual assertions in it do not comply with Civil Local Rule 7-5, which states:

> **(a) Affidavit or Declaration Required.** Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record. Extracts from depositions, interrogatory answers, requests for admission and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.
>
> **(b) Form.** An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part.

The court previously discussed the importance of complying with all procedural rules and directed Mr. Johnson to the court's *pro se* help desk and the court's Handbook for Litigants Without a Lawyer. The court also reminded Mr. Johnson that he must notice a motion for a hearing on the court's calendar at least 35 days from the day that party files the motion, *see* Civil Local Rule 7-2, and the last day for hearing dispositive motions is August 25, 2011. ECF No. 47.

   3. ***Motion to Extend Discovery Deadlines***. Mr. Johnson asked the court to extend the fact and expert disclosure deadlines. *See* ECF No. 54. This case was filed on February 16, 2010. ECF No. 1. The trial is on October 3, 2011. ECF No. 47.

   As to fact discovery deadlines, and as discussed above, the court will address Mr. Johnson's challenges to the responses to the interrogatories. Mr. Johnson also asserted that he might want to notice a deposition if he got the money (and he said he might soon). But fact discovery closes on June 10, 2011. If Mr. Johnson wants to notice a specific deposition after that date, he must comply

**UNITED STATES DISTRICT COURT**
For the Northern District of California

with the court's standing order regarding discovery disputes.  Those procedures require the parties to meet and confer about any discovery dispute, and if the parties have a dispute that they cannot resolve on their own, they must file a short joint letter (instead of a motion) describing the dispute.

As to expert deadlines, Mr. Johnson said that he was seeing a doctor on July 7, 2011. Accordingly, the court extends his deadline (and not the government's deadline) for expert disclosures to July 14, 2011.  If Mr. Johnson discloses an expert, then the government may – after conferring with Mr. Johnson – file a letter with a proposed schedule for any rebuttal disclosures.

3. ***Motion to Have U.S. Attorney's Obligations Overruled and Waived for Failure to Respond***. Mr. Johnson filed this motion.  ECF No. 55.

Part of the motion is about the government's purported late response to the interrogatories and its representation that it served the response to the wrong address initially.  Mr. Johnson's factual assertions are not supported by declaration as required by the civil local rules.  In any event, the government attorney represented to Mr. Johnson that the responses were sent to the wrong address, and ultimately it served Mr. Johnson at the right address.  The court will not require the government to submit proof of service to the wrong address.  The court thus denies this part of the motion.

The next part of the motion refers to the government's not producing documents.  The motion is denied without prejudice to the parties' raising the issue – after they meet and confer – in a joint letter to the court.  Again, that is the process for resolving discovery disputes set forth in the court's standing order on discovery disputes.

4. ***Hearings and Motions.***  The parties have a settlement conference set before Judge Jacqueline Corley on July 12, 2011 at 10 a.m.  The next case management hearing is July 28, 2011 at 10:30 a.m. in Courtroom 4.  Mr. Johnson said that he would file a motion for recusal and a motion for transfer to the San Jose division.  This is a San Francisco division case, and thus, the case must be assigned to a judge in San Francisco or Oakland.  Any other motion may be noticed in accordance with the local rules (as described in this order).

This disposes of ECF Nos. 53, 54, and 55.  ECF No. 51 remains open pending a government

///

///

1 response.

**IT IS SO ORDERED.**

Dated: June 10, 2011

_____
LAUREL BEELER
United States Magistrate Judge