UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>　　　　　　Plaintiff,<br>　　v.<br>UNITED STATES,<br>　　　　　　Defendant.<br>_____/ | No. C 10-00647 LB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS, MOTION FOR RECUSAL, AND MOTION TO COMPEL**<br><br>**[ECF Nos. 51, 61, and 62]** |

## I. INTRODUCTION

Currently pending before the court are three motions filed by Mr. Johnson: a motion for sanctions (ECF No. 51), a motion for recusal (ECF No. 61), and a "Motion to Have the U.S. Attorney's Objections Overruled and Waived for Failing to Respond Within the 30-Day Limit and to Have the U.S. Attorney Compelled to Answer Plaintiff's Eight Interrogatories" (ECF No. 62).[1] The court will first address Mr. Johnson's motion for recusal before turning to his discovery motions.[2]

## II. DISCUSSION

### A. Mr. Johnson's Motion for Recusal

On June 22, 2011, Mr. Johnson filed a "Motion For Recusal of Judge Laurel Beeler for Bias and

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] The court construes Mr. Johnson's filings liberally. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (courts must construe *pro se* filings liberally).

C 10-00647 LB
ORDER RE RECUSAL AND DISCOVERY MOTIONS

Prejudice and Extraprejudicial." ECF No. 61. He contends that because the undersigned worked as an Assistant United States Attorney (AUSA) prior to taking the bench and was a co-worker of Mr. Olsen, the AUSA originally assigned to this case, and Mr. Walker, the AUSA currently assigned to this case, she cannot objectively evaluate the merits of this case. *Id.* at 1. Mr. Johnson also argues that the undersigned has repeatedly ruled in favor of the United States and that this evinces her bias and prejudice against him. *Id.* at 2-3.

Two statutes, 28 U.S.C. §§ 455 and 144, govern disqualification of judges. *See also* Judicial Code of Conduct for Judges § 3(c). Though they establish different procedures for enforcement, substantively, the statutes are complimentary. *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). 28 U.S.C. § 455(a) provides, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." It then lists a series of circumstances in which a judge must recuse himself or herself including "where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." *Id.* § 455(b)(3); *see also* Judicial Code of Conduct for Judges § 3(c)(1)(e). 28 U.S.C. § 144 also mandates recusal when "the judge before whom the matter is pending has a personal bias or prejudice either against [the moving party] or in favor of any adverse party." Under either provision, the test is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *See Pesnell v. Arsenault,* 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). A "reasonable person" is not "hyper-sensitive or unduly suspicious," but rather a "well-informed, thoughtful observer." *See United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quotations omitted).

If the court decides that the moving party submitted a timely, legally sufficient affidavit pursuant to section 144, the court must refer the motion to another judge for determination. *Sibla*, 624 F.2d at 867 (citing *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978)). To be sufficient, an affidavit must:

state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an

extrajudicial source (2) may prevent a fair decision on the merits. The focus is not only on the source of the facts and their distorting effect on a decision on the merits, . . . but also on (3) the substantiality of the support given by these facts to the allegation of bias . . . .

*Id.* at 739-740. To the extent that a moving party seeks to disqualify a judge based on events that occur during the course of litigation, the party must demonstrate that the judge either (1) relied on knowledge acquired outside of the proceedings or (2) "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *See Liteky v. United States*, 510 U.S. 540, 556 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* at 555.

As a preliminary matter, Mr. Johnson's signature on the motion does not convert it into an affidavit. Affidavits must be signed under penalty of perjury. *See* 28 U.S.C. § 1746; Civ. L.R. 7-5; *Tumlinson Group, Inc. v. Johannessen*, No. 2:09-cv-1089 JFM, 2010 WL 5287520, at *3 (E.D. Cal. Dec. 17, 2010). The court has repeatedly informed Mr. Johnson that a sworn affidavit or declaration attesting to the veracity of his statements must accompany any motion he submits. *See, e.g.,* 6/10/11 Order, ECF No. 57 at 2. His failure to submit an affidavit in accordance with section 144 is therefore sufficient justification to deny his motion for recusal. *Azhocar*, 581 F.2d at 738.

Even if Mr. Johnson satisfied the procedural requirements of section 144, his allegations fail to show that a reasonable person might reasonably question this court's impartiality. First, under section 455(b)(3), the undersigned's prior work as an AUSA is proper grounds for disqualification if she "participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy" while employed as an AUSA. 28 U.S.C. § 455(b)(3). Here, the undersigned could not have participated as counsel, an adviser, or a material witness in this case or expressed an opinion regarding its merits because Mr. Johnson did not file suit until more than a month after the undersigned took the bench on January 4, 2010. Therefore, the undersigned's prior employment as an AUSA does not constitute grounds for recusal.

Mr. Johnson's accusations regarding the undersigned's rulings and actions during the course of this litigation also do not justify recusal. Other than general assertions that the undersigned has consistently sided with the Government because of her past history as an AUSA, Mr. Johnson offers no facts that demonstrate that the undersigned's rulings are informed by knowledge acquired outside

of the proceedings or display "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky*, 510 U.S. at 556. The proper avenue for challenging the court's rulings is appeal, not recusal. *Id.* at 555. Because a reasonable person would not reasonably question the impartiality of the undersigned, Mr. Johnson's motion for recusal is denied.

## B. Mr. Johnson's Motion for Sanctions

On June 1, 2011, Mr. Johnson filed a motion for sanctions requesting that the court sanction the Government for its failure to answer certain interrogatories. Motion for Sanctions, ECF No. 51. At the June 9 case management conference and in the court's June 10 order, the court ordered Mr. Johnson to provide the Government with a copy of his motion in word-processing format no later than June 13, 2011. 6/10/11 Order, ECF No. 57 at 2. The court directed the Government to insert its responses immediately below Mr. Johnson's arguments. *Id.* On June 10, 2011, Mr. Johnson emailed copies of numerous motions and exhibits in word-processing format to the court's proposed orders email address. Among those documents was Mr. Johnson's motion for sanctions. Accordingly, the court forwarded the email to the Government and filed the email and its attachments in the electronic case file. *See* ECF No. 59. On June 17, 2011, the Government filed its response to Mr. Johnson's motion for sanctions. Response, ECF No. 60.

At the June 9 case management conference, the court gave Mr. Johnson guidance "on the record about what civil discovery is and what it is not, and it gave specific examples of how the government's responses to Mr. Johnson's interrogatories were not problematic." 6/10/11 Order, ECF No. 57 at 1. After reviewing both parties' arguments regarding the interrogatories, the court denies Mr. Johnson's motion for sanctions. The court will analyze each interrogatory separately.

*Interrogatory No. 1.* The Government answered the interrogatory. As with many of its answers, the Government first asserts general objections to the question before answering the question. The Government includes these general objections to preserve any future objection that it may assert with respect to the question. It does not affect the substantive answer (the court observes to Mr. Johnson that he can make arguments about what the responses mean, but he cannot force the government to answer as he would like).

*Interrogatory No. 2.* The burden and expense of forcing the Government to locate and document

the names of ten other veterans who suffered the same type of wrong that Mr. Johnson alleges he suffered outweighs the information's likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C).  Moreover, under the Privacy Act, the medical records of non-parties are not discoverable absent the written permission of those individuals. *See* 5 U.S.C. § 552a(b); *Oslund v. United States*, 128 F.R.D. 110, 114 (D. Minn. 1989) (prohibiting disclosure of a list of names and addresses of VA patients who participated in the same therapy treatment program as the plaintiff).

*Interrogatory No. 3.* The Government answered the interrogatory.

*Interrogatory No. 4.* This interrogatory is overbroad and can be obtained from another source that is less burdensome (e.g. Mr. Johnson's own expert witness).  Fed. R. Civ. P. 26(b)(2)(C).

*Interrogatory No. 5.* The Government answered the interrogatory.  The court understands Mr. Johnson's frustration with the Government's response, but notes that unlike depositions, interrogatories do not permit opportunities for follow-up questions.

*Interrogatory No. 6.* The Government answered the interrogatory.  The court again informs Mr. Johnson that interrogatories may be addressed only to parties in an action. *See* Fed. R. Civ. P. 33.  Thus, Mr. Johnson cannot "redirect" the question to the social worker.

*Interrogatory No. 7.* Again, the Government answered the interrogatory, which Mr. Johnson can address only to the Government and not to Dr. Rene Sanchez-Meja.

*Interrogatory No. 8.* This interrogatory calls for information that is protected by the Privacy Act. *See* 5 U.S.C. § 552a(b).  If Mr. Johnson wants to ask Dr. Larson where he was on December 21, 2005 at "21:22 p.m.," he may depose him (subject to the discovery deadlines set forth in the court's previous orders).

*Interrogatory Nos. 9 - 15.* The Government answered these interrogatories.

*Interrogatory Nos. 16 - 24 (To Dr. Kim).* As the court noted above, Mr. Johnson may direct his interrogatories only to the Government, and not to individuals.

*Interrogatory No. 1 (To Dr. Larson).* Again, interrogatories may be addressed only to parties to the action. Fed. R. Civ. P. 33.

C. **Mr. Johnson's Motion to Compel (ECF No. 62)**

Mr. Johnson seeks to contest the Government's refusal to answer a series of additional

interrogatories that he served on it. Motion, ECF No. 62 at 4-5. Mr. Johnson attached the eight interrogatories as exhibits to his motion. *Id.* at 7-25. He also claimed that the Government did not serve the interrogatories in a timely manner – a basis for relief that the court already denied in its June 10, 2011 order. 6/10/11 Order, ECF No. 57 at 3.

Mr. Johnson's motion is denied for several reasons. First, the parties have not complied with the court's standing order requiring that if a meet-and-confer does not resolve the discovery dispute, the parties are to file a joint discovery letter. *See* Standing Order, ECF No. 3-1 at 2-3. Other than a general statement that Mr. Johnson sent the Government a letter requesting dates and times for a meet-and-confer, he offers no other justification for his failure to comply with the court's standing order. Motion, ECF No. 62 at 4. According to the Government, the parties were scheduled to meet and confer on July 8, 2011 regarding this dispute. Amended Opposition, ECF No. 67 at 1. As a result of his failure to comply with the court's standing order, his motion is denied.

Second, as the court noted above, Mr. Johnson may only address interrogatories to parties in the action. Fed. R. Civ. P. 33. Mr. Johnson addressed five interrogatories to Dr. Maxwell Boakye, one interrogatory to social worker Aliza Grosh (a.k.a. Aliza Benditsky), one interrogatory to registered nurse Kari Hanson, and one interrogatory to VA administrator Ruth Patience-Midcap. Motion, ECF No. 62 at 17-25. These individuals are not parties to the present suit and therefore not properly subject to interrogatories.

Third, even assuming that Mr. Johnson's interrogatory number 13 in his original set counted only as one interrogatory and not as seven separate interrogatories as the Government claims, his second set of interrogatories exceeds the 30 interrogatory limit imposed by the court on April 14, 2011. 4/14/11 Order, ECF No. 47 at 2. Originally, Mr. Johnson served the Government with 24 interrogatories plus one interrogatory directed at Dr. Larson. Motion for Sanctions, ECF No. 51 at 1-25. His second set of interrogatories included eight more. Motion, ECF No. 62. Thus, Mr. Johnson has propounded 33 interrogatories in total. This exceeds the maximum amount that the court permitted in its April 14, 2011 order. 4/14/11 Order, ECF No. 47 at 2. Accordingly, the court denies Mr. Johnson's motion to compel. If after the meet-and-confer the dispute persists, Mr. Johnson may raise this argument in a joint discovery letter.

## II.  CONCLUSION

The court does not question Mr. Johnson's belief in the strength of his case or the justness of his cause.  But to prove his claims, Mr. Johnson must comply with the same rules to which all litigants are subject.  It is the court's duty to administer these rules fairly.  To this end, the court has accommodated Mr. Johnson on numerous occasions (e.g. extending discovery and case management deadlines at his request (ECF Nos. 26, 32, 36, 44, 47, 57)) and has provided him with detailed guidance regarding the discovery process so that the parties could avoid future disputes and Mr. Johnson could gain the information necessary to support his claims.  The court understands Mr. Johnson's frustration with a system that he feels is preventing him from effectively presenting his case.  However, he must still comply with the rules.

Mr. Johnson's motion for recusal, motion for sanctions, and motion to compel are **DENIED**.  In light of this ruling, the court **HEREBY VACATES** the July 28, 2011 case management conference.

This disposes of ECF Nos. 51, 61, and 62.

**IT IS SO ORDERED.**

Dated: July 12, 2011

_____
LAUREL BEELER
United States Magistrate Judge