UNITED STATES  DISTRICT COURT

Northern District of California

Oakland Division

JAMES ELLIS JOHNSON,                          No. C 10-00647 LB

                Plaintiff,            **NOTICE REGARDING LEGAL HELP**
   v.                                                   **DESK,** ***HANDBOOK FOR LITIGANTS***
                                                   ***WITHOUT A LAWYER,*** **AND LEGAL**
UNITED STATES,                                       **STANDARDS FOR SUMMARY**
                                           **JUDGMENT MOTIONS**
                Defendant.
_____/

## I.  NOTICE TO *PRO SE* PLAINTIFF

The United States filed a motion for summary judgment.  Your response is due on **August 1,**
**2011** and the hearing will be on **August 25, 2011** at 11 a.m.  Because you are representing yourself
in this case, the court issues this notice to you about legal resources available to you and the legal
standard that applies to summary judgment motions.

## II.  RESOURCES AVAILABLE TO YOU

First, attached to this order is a copy of the district court's *Handbook for Litigants Without a*
*Lawyer*.  It provides instructions on how to proceed at every stage of your case, including discovery,
motions, and trial.  You may download a copy at http://www.cand.uscourts.gov.

Second, you may wish to seek assistance from the Legal Help Center, a free service of the
Volunteer Legal Services Program, by calling 415-782-9000, extension 8657, or by signing up for
an appointment on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate
Avenue, San Francisco, California.  At the Legal Help Center, you will be able to speak with an

UNITED STATES DISTRICT COURT
For the Northern District of California

attorney who may be able to provide basic legal help but not representation.

### III.  SUMMARY JUDGMENT

The following is a notice that this court gives to litigants representing themselves when the other files a motion for summary judgment.

A motion for summary judgment – if granted – will result in the dismissal of your case.  Federal Rule of Civil Procedure 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact.  What that means is that if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which ends your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony),[1] you cannot just rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, the court might – if it is appropriate – enter summary judgment against you and in favor of the other party.

If the court grants summary judgment in favor of the other party, your case will be dismissed, and there will be no trial.  *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  You should read Federal Rule of Civil Procedure 56 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (which discusses how the party who opposes summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  If you do not file your opposition, the court still will consider whether summary judgment is appropriate under Rule 56, but your failure may be construed as consent by you to this court's granting the other party's

---

[1]  A declaration is a statement of facts.  The person making the declaration must know those facts personally, and they must be facts that can be admitted into evidence.  That means that they must be facts as opposed to conclusions, argument, opinion, or hearsay.  A declaration must be made under penalty of perjury, which means that the person making the declaration must sign it and date the declaration after the following statement:  "I declare under penalty of perjury that the foregoing is true and correct.  Dated _____.  Signed _____."

UNITED STATES DISTRICT COURT
For the Northern District of California

1    motion for summary judgment.  That in turn will result in the dismissal of your case before trial.  *See*

2    *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam*); *Brydges v. Lewis*, 18 F.3d 651,

3    653 (9th Cir. 1994).

4    Dated:  July 25, 2011

     _____
     LAUREL BEELER
5    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

NOTICE
C 10-00647 LB                                    3