UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| JAMES ELLIS JOHNSON, | No. C 10-00647 LB |
| Plaintiff(s), | **ORDER RE: PLAINTIFF'S REPLY BRIEF** |
| v. | |
| UNITED STATES, | |
| Defendant(s). | |

Pro se plaintiff James Johnson brought this medical malpractice action against defendant United States (the "Government") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80. Complaint, ECF No. 1.[1] On September 16, 2011, Mr. Johnson filed a motion requesting that the court (1) "forfeit" the Government's right to file a motion for summary judgment and (2) order the Government to pay the 20% of his medical bills that Medicare does not cover.  Motion, ECF No. 83. Under Civil Local Rule 7-3, "[a]ny opposition to a motion must be served and filed not more than 14 days after the motion is served and filed."  Civ. L.R. 7-3(a).  And, "[a]ny reply to an opposition must be served and filed by the moving party not more than 7 days after the opposition is served and filed."  Civ. L.R. 7-3(c).[2]  In addition, in cases that are not subject to electronic filing – such as this

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] This District's civil local rules were amended effective September 8, 2011.  Prior to that date, an opposition brief must have been served and filed "not less than 21 days before the hearing

C 10-00647 LB

one, as Mr. Johnson is proceeding *pro se* – "[i]f the serving party elects to send the pleading or paper by mail, 3 days are added to the time in which any party must respond, as permitted by Fed. R. Civ. P. 6(d)." Civ. L. R. 5-5(a).

Mr. Johnson filed his motion on September 16, 2011, so the Government's opposition was due by September 30, 2011. *See* Civ. L.R. 7-3(a); *see also* Fed. R. Civ. P. 6(a)(1) ("When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). The Government timely filed its opposition and served it on Mr. Johnson by first-class mail. Opposition, ECF No. 84 at 2. Accordingly, Mr. Johnson's reply was due by October 10, 2011 (7 days after the Government filed its opposition, plus 3 additional days). *See* Civ. L.R. 7-3(c); *see also* Fed. R. Civ. P. 6(a)(1).[3]

On October 5, 2011, Mr. Johnson filed "Plaintiff James Ellis Johnson's Associated Cases," which contains brief factual descriptions of several federal tort cases and the courts' respective decisions. Associated Cases, ECF No. 85. He did not file any other document by the reply deadline of October 10, 2011.

On October 13, 2011, upon consideration of Mr. Johnson's motion and associated cases and the Government's opposition, the court denied Mr. Johnson's motion. Order, ECF No. 86; *see also id*. at 2 n.3 (because it was the only document Mr. Johnson filed after the Government's opposition but before the October 10, 2011 reply deadline, the court considered his associated cases "[e]ither in lieu of or perhaps as a reply" and determined that the motion was ripe for determination).

---

date," and a reply brief must have been served and filed "not less than 14 days before the hearing date." Civ. L. R. 7-3(a), (c) [old rule]. Here, Mr. Johnson filed his motion after the revised Civil Local Rules took effect.

[3] Mr. Johnson contends that his reply brief was not due until October 19, 2011. Amended Reply, ECF No. 88 at 3. The court, though, is unclear how he arrived at this date, and he did not explain his reasoning in this regard. *See id*. Nevertheless, as the court explained above, Mr. Johnson's reply deadline was October 10, 2011.

C 10-00647 LB
2

After receiving the court's October 13, 2011 order, Mr. Johnson filed an untimely reply brief. Amended Reply, ECF No. 88. In it, Mr. Johnson requests that the court vacate its October 13, 2011 order and, instead, rule in favor of his motion. *See id*. Although his reply was filed late, the court addresses it here.

First, Mr. Johnson argues that the court mischaracterized the factual allegations in his complaint. *Id*. at 1-3. In its October 13, 2011 order, the court stated:

> Plaintiff James Johnson brought this medical malpractice action against defendant United States (the "Government") under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80. Complaint, ECF No. 1. He alleges that he underwent surgery at the United States Department of Veterans Affairs ("VA") Medical Center in San Francisco, California on December 19, 2005 and was discharged two days later. *Id*. ¶¶ 8-9. Two days was too soon, he says, and as a result, he suffered injury. *Id*. ¶ 11.

Order, ECF No. 86 at 1 (footnote omitted). Mr. Johnson points out that his complaint does not allege that he was discharged after "two days." Amended Reply, ECF No. 88 at 2. This is true. Paragraphs 8 and 9 of his complaint allege in full:

> 8. On December 19, 2005, Johnson was admitted to the VA San Francisco for back surgery. The surgery was performed on the morning of December 20, 2005. Johnson was discharged from the hospital on December 21, 2005, 4:50 p.m., in violation of hospital policy and the normal standard of medical care.
>
> 9. The physicians, nurses, and other employees of the United States failed in their duty by prematurely kicking Johnson out of the hospital onto the streets less than 29 hours after major back surgery on December 21, 2005.

Complaint, ECF No. 1, ¶¶ 8-9. Simply to provide a brief introduction to its October 13, 2011 order, the court summarized Mr. Johnson's allegations and did not specify the number of hours between Mr. Johnson's surgery and his discharge. The court now clarifies that Mr. Johnson alleges that he was discharged from the hospital "less than 29 hours after major back surgery." Complaint, ECF No. 1, ¶ 9; *but see* Further Joint Case Management Statement, ECF No. 45 at 2 n.1 ("The parties no longer disagree on the date of plaintiff's back surgery. The parties now agree that the surgery occurred on December 19, 2005.").

Second, Mr. Johnson argues that the court's October 13, 2011 order was issued prematurely because he had until October 19, 2011 to file a reply. Amended Reply, ECF No. 88 at 3. As

explained above, the deadline for Mr. Johnson to file a reply was October 10, 2011, and the court considered all papers filed on or before that date before issuing its order.

Third, Mr. Johnson provides further argument in support of his original motion. *Id*. at 3-6. He reiterates his claim that the Government has engaged in a conspiracy "to prevent [him] from getting medical examinations and tests from doctors who would then write a report that would be used by the doctor writing the expert report." *Id*. at 3. But as in his motion, and as the court noted in its October 13, 2011 order, Mr. Johnson has failed to provide admissible facts in support of his conspiracy claim or cite any law in support of the extraordinary relief he seeks. His late-filed reply brief does not remedy these problems.

Accordingly, the court refuses to vacate its October 13, 2011 order.

**IT IS SO ORDERED.**

Dated: November 14, 2011

_____
LAUREL BEELER
United States Magistrate Judge