UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| JAMES ELLIS JOHNSON, | No. C 10-00647 LB |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO CONTINUE DISPOSITIVE MOTIONS DEADLINE AND RE: BRIEFING SCHEDULES** |
| v. | |
| UNITED STATES, | |
| Defendant. | |

On January 3, 2012, this court granted Defendant's motion to extend the expert discovery cut-off to January 12, 2012 and the deadline for hearing any dispositive motions to March 1, 2012. Order Granting Defendant's Second Request for Extension of Time, ECF No. 97.[1]  The court did so to allow the parties time to depose Dr. Small before filing their dispositive motions.

Dr. Small was deposed on January 10, 2012. On January 17, 2012, Mr. Johnson filed an administrative motion asking for the dispositive motions deadline be continued for an additional 30 days because he had not yet received the transcript from Dr. Small's deposition and to allow Dr. Small to review it. Motion, ECF No. 99. As he writes: "The Defendants are not willing to give Plaintiff or his deposed doctor a written copy of the deposition [transcript] taken of Dr. Tolbert Small on 10 January 2012, despite the fact that Dr. Small has to review [it] and has 30 days to sign off on the documents once he has been informed [that] the documents are ready for review." *Id*. at

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 10-00647 LB

1.     Two days later, on January 19, 2012, Defendant filed an opposition brief, which included Dr. Small's deposition transcript as an exhibit, which stated that Mr. Johnson received the deposition transcript on January 17, 2012. Opposition, ECF No. 100 at 1; Transcript, ECF No. 102. Defendant pointed out that Dr. Small waived review and signing of the deposition transcript. *Id*. at 1-2 (citing Transcript, ECF No. 102 at 76:3). Defendant also stated that it would serve Mr. Johnson with another copy of the deposition transcript simultaneously with its opposition brief. *Id*. at 1. Defendant thus contended that Mr. Johnson's administrative was moot. Opposition, ECF No. 100 at 2. Four days after that, on January 23, 2012, Mr. Johnson filed a reply brief[2], even though a reply brief in support of an administrative motion is not contemplated under this District's civil local rules. Reply, ECF No. 109; *see* N.D. Cal. Civ. L.R. 7-11(b).[3]

   Upon review of the papers, the court finds good cause to continue the dispositive motions deadline by two weeks, but not by 30 days as Mr. Johnson requests. Accordingly, the last day for the court to hear dispositive motions is CONTINUED from March 1, 2012 to March 15, 2012.

   Several consequences flow from this continuation. Defendant filed its summary judgment motion on January 23, 2012 and noticed it for hearing on March 1, 2012. <u>Defendant's motion now will heard on March 15, 2012</u>. However, briefing on Defendant's motion for summary judgment shall proceed as originally contemplated; that is, <u>Mr. Johnson's opposition to Defendant's motion is</u>

---

[2] Mr. Johnson's brief is a reply brief, despite his titling it as "Plaintiff's Opposition to Defendant's Proposed Order Denying Plaintiff's Motion to Extend Summary Judgment Deadline so that a Copy of the Written Deposition of Dr. Tolbert Small on 10 January 2012 can be Obtained and Timely Used by Plaintiff. Plaintiff Also Requests Defendant's Exhibit 3 be Ruled Inadmissible and that Defendant's Exhibits 4 and 5 be Ruled Inadmissible at this Time."

[3] In his reply brief, Mr. Johnson contends that Dr. Small could not have waived his review and signature of the deposition transcript because "[t]his was an issue that could only lawfully be presented to Plaintiff, who is his attorney in this case." Reply, ECF No. 109 at 2. Mr. Johnson's argument in this regard is unsupported. Mr. Johnson also accuses Defendant of "add[ing] a word here and there," [taking] out a word here and there,""chang[ing] Plaintiff's questions to Dr. Small," and "chang[ing] Dr. Small's answers." *Id*. Aside from attacking the integrity of the court reporter and Defendant, however, Mr. Johnson offers no evidence of these allegations. Mr. Johnson also challenges the "admissibility" of certain exhibits related to Dr. Small's deposition. To the extent Mr. Johnson wants to challenge the admissibility of any evidence submitted by Defendant in support of a dispositive motion or at trial, he may do so at that time, not before.

1  due no later than February 6, 2012, and Defendant's reply in support of its motion is due no later
2  February 13, 2012. *See* N.D. Cal. Civ. L.R. 7-3; N.D. Cal. Civ. L.R. 7-7(d).

3  Mr. Johnson has not yet filed a summary judgment motion. Under the previous March 1, 2012
4  hearing date, he would have had until January 26, 2012 to file it. *See* N.D. Cal. Civ. L. R. 7-2(a)
5  (motions may not be noticed for hearing sooner than 35 days after service of the motion). However,
6  under the new March 15, 2011 hearing date, Mr. Johnson shall file his summary judgment motion no
7  later than February 9, 2011. Briefing on Mr. Johnson's motion shall proceed in accordance with this
8  District' Civil Local Rule 7-3 (opposition brief is due within 14 days of service and filing of motion;
9  reply brief is due within 7 days of service and filing of opposition brief).

10  This disposes of ECF No. 99.

11  **IT IS SO ORDERED.**

12  Dated: January 26, 2012

13  _____
    LAUREL BEELER
    United States Magistrate Judge