UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>        Plaintiff,<br>   v.<br>UNITED STATES,<br><br>        Defendant.<br>_____/ | No. C 10-00647 LB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION FOR "STAY FROM ANY LEGAL DEADLINES"**<br><br>[Re: ECF No. 134] |

Plaintiff James Johnson, proceeding *pro se*, brought this medical malpractice action against Defendant United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. Complaint, ECF No. 1.[1] On March 30, 2012, the court granted Defendant's motion for summary judgment and denied Mr. Johnson's cross-motion for summary judgment in their entirety. 03/30/2012 Order, ECF No. 129. The court entered judgment for Defendant and against Mr. Johnson. Judgment, ECF No. 130.

On April 2, 2012, Defendant served a bill of costs for $3664.70 on Mr. Johnson. Bill of Costs, ECF No. 131. On April 9, 2012, Mr. Johnson filed an administrative motion that requests that "any legal deadlines" be stayed pending his recovery from surgery. Administrative Motion, ECF No. 134. Mr. Johnson had surgery on March 23, 2012 to address a torn rotator cuff in his right shoulder and his doctor has instructed him not to do anything with his right arm and hand, including writing,

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

for at least 5 weeks. Plaintiff's Documentation, ECF No. 136 at 3. After this period, he will be examined to determine whether he is ready to use his arm and hand again. *Id*. This presents a problem for Mr. Johnson, who says in his administrative motion that he wants to file a motion for a mistrial, because he is proceeding *pro se* and submits many of his motions in handwritten form. Mr. Johnson also orally informed the court that he wants to file a motion challenging the bill of costs and a motion for reconsideration of the court's 03/30/2012 Order.

Federal Rule of Civil Procedure ("FRCP") 6(b)(1) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." FRCP 6(b)(2) makes clear, however, that a court cannot extend the time for a party to act pursuant to FRCP 50(b) and (d) (governing motions for judgment as a matter of law motions for new trial), 52(b) (governing motion to amend findings), 59(b), (d), and (e) (governing motions for new trial and motions to alter or amend judgment), and 60(b) (governing motions for relief from final judgment, order, or proceeding).

Several consequences flow from FRCP 6(b). First, it means that the court may grant an extension of time for Mr. Johnson to file a motion challenging the bill of costs filed by Defendant, because such a motion is made pursuant to FRCP 54(d)(1). *See Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1261 (7th Cir. 1994) (noting that FRCP 6(b) permits a court to extend the time (even after its expiration) for a party to object to an award of costs); *Ashker v. Sayre*, 2010 WL 2991667, at *1-2 (N.D. Cal. July 29, 2010) (granting pro se party's motion for extension of time to challenge bill of costs). Under this District's Civil Local Rule 54-2, a party may object to a prevailing party's bill of costs within 14 days of being served with it. N.D. Cal. Civ. L.R. 54-2(a); *see also* FRCP 54(d). Here, Mr. Johnson filed his administrative motion seeking an extension of his time to do so 7 days after being served with the bill of costs. Given Mr. Johnson's post-surgical physical limitations and anticipated recovery time, the court finds good cause to extend the deadline for him to file a motion challenging the bill of costs to June 1, 2012, which is more than 5 weeks after his March 23, 2012 surgery.

C 10-00647
2

Second, it means that the court cannot extend the deadline for Mr. Johnson to file a motion "for reconsideration." Here, the court has already entered a final judgment in favor of Defendant and against Mr. Johnson. 03/30/2012 Order, ECF No. 130. The Ninth Circuit has made clear that a district court can "reconsider" final judgments or appealable interlocutory orders only pursuant to FRCP 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment, order, or proceeding). *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466-67 (9th Cir. 1989). As explained above, FRCP 6(b)(2) does not allow the court to extend deadlines for filing motions under those rules.

Finally, upon review of the Federal Rules of Appellate Procedure ("FRAP"), the court does not at this time find good cause to extend Mr. Johnson's deadline for filing a notice of appeal.[2] Under FRAP 4(a)(1)(B), if the United States is a party in a civil suit, as it is here, any party to that suit has 60 days from the entry of judgment to file a notice of appeal. Here, the court entered judgment on March 30, 2012, putting Mr. Johnson's current deadline for filing a notice of appeal on May 29, 2012. This is well after 5 weeks from his March 23, 2012 surgery, so, according to the documents submitted by Mr. Johnson, he may be able to use his right arm and hand in time for him to draft a notice of appeal, should he choose to do so. Moreover, the notice of appeal form, which is available on the court's website, requires little writing. For further information about the appeals process, Mr. Johnson is urged to review the court's *pro se* handbook, which also is available on the court's website, and to make an appointment with the Volunteer Legal Services Program of the Bar Association of San Francisco, which is located at the United States Courthouse, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102.

Accordingly, Mr. Johnson's motion is GRANTED IN PART and DENIED IN PART as set forth above. Mr. Johnson has until June 1, 2012 to file a motion challenging the bill of costs. All other deadlines remain unchanged.

///

---

[2] FRAP 4 authorizes the district court to grant a party an limited extension of time to file a notice of appeal under certain circumstances. *See* Fed. R. App. P. 4(a)(5); *Haight v. Catholic Healthcare West*, 602 F.3d 949, 954 (9th Cir. 2010).

C 10-00647
3

**IT IS SO ORDERED.**

Dated: April 19, 2012

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**