UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JAMES ELLIS JOHNSON, | No. C 10-00647 LB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| v. | |
| UNITED STATES, | [Re: ECF No. 138] |
| Defendant. | |
| _____/ | |

Plaintiff James Johnson, proceeding *pro se*, brought this medical malpractice action against Defendant United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. Complaint, ECF No. 1.[1]  On March 30, 2012, the court granted Defendant's motion for summary judgment and denied Mr. Johnson's cross-motion for summary judgment in their entirety. 03/30/2012 Order, ECF No. 129.  The court entered judgment for Defendant and against Mr. Johnson on the same day.  Judgment, ECF No. 130.

On April 9, 2012, Mr. Johnson filed a motion requesting a "stay of any legal deadlines."  Motion for Stay, ECF No. 134.  The court granted it in part and denied it in part.  4/19/2012 Order, ECF No. 137.  In its order, the court discussed the relevant federal rules and did three things.  First, it extended the deadline for Mr. Johnson to file a motion challenging the submitted bill of costs to June

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 10-00647
ORDER

1, 2012. Mr. Johnson has not yet filed a motion challenging the bill of costs. Second, it explained that it cannot extend the deadline for him to file a motion "for reconsideration" because a district court can "reconsider" final judgments or appealable interlocutory orders only pursuant to FRCP 59(e) (governing motions to alter or amend judgments) and 60(b) (governing motions for relief from a final judgment, order, or proceeding), *see Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466-67 (9th Cir. 1989), and the court cannot extend deadlines for filing motions under those rules. Third, it noted that his current deadline for filing a notice of appeal is May 29, 2012 and declined, at that time, to grant him extension.[2] Mr. Johnson has not yet filed a notice of appeal nor has he filed a motion for an extension of time to do so.

On May 11, 2012, Mr. Johnson filed a motion asking the court to reconsider its summary judgment order and have a trial. Motion for Reconsideration, ECF No. 138. Although he does not specify it, the court assumes that it is made under either FRCP 59(e) or 60(b).

Under this District's Civil Local Rules, a party must seek permission from the court prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9. In seeking permission from the court, the party must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" that were presented to it. *Id..* at 7-9(b). As such, reconsideration is appropriate only when (1) the court is presented with newly discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there is an intervening change in controlling law. *See School Dis. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

None of these requirements has been met. Mr. Johnson's motion, instead, contains allegations of a conspiracy and reiterates many of the arguments he made in his summary judgment papers. It also makes additional arguments about the evidence that was submitted and reviewed by the court for

---

[2] FRAP 4 authorizes the district court to grant a party an limited extension of time to file a notice of appeal under certain limited circumstances. *See* Fed. R. App. P. 4(a)(5); *Haight v. Catholic Healthcare West*, 602 F.3d 949, 954 (9th Cir. 2010).

1 summary judgment, but these are not sufficient to meet the standard articulated above. Mr. Johnson
2 also does not cite to any authority suggesting that the court's summary judgment order was in clear
3 error or manifestly unjust.
4     Accordingly, Mr. Johnson's motion for reconsideration is DENIED. The court reiterates that
5 Mr. Johnson's deadline for filing a motion challenging the bill of costs is **June 1, 2012** and his
6 deadline for filing a notice of appeal is **May 29, 2012**.
7     This disposes of ECF No. 138.
8     **IT IS SO ORDERED.**
9 Dated: May 22, 2012

                        LAUREL BEELER
                        United States Magistrate Judge