UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

| | |
|---|---|
| JAMES ELLIS JOHNSON, | No. C 10-00647 LB |
| Plaintiff, | **ORDER DENYING DEFENDANT'S BILL OF COSTS** |
| v. | |
| UNITED STATES, | [Re: ECF No. 142] |
| Defendant. | |

Plaintiff James Johnson brought this medical malpractice action against Defendant United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. Complaint, ECF No. 1.[1] On March 30, 2012, the court granted Defendant's motion for summary judgment and denied Mr. Johnson's cross-motion for summary judgment in their entirety. 03/30/2012 Order, ECF No. 129. The court entered judgment for Defendant and against Mr. Johnson on the same day. Judgment, ECF No. 130.

On April 2, 2012, Defendant submitted a bill of costs in the amount of $3,664.70. Bill of Costs, ECF No. 131.[2] On June 6, 2012, the Clerk of the Court disallowed $348.00 of that amount because it falls outside the ambit of Civil Local Rule 54-4(c), and taxed the remainder ($3,316.70). Taxed

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] These costs were "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Bill of Costs, ECF No. 131 at 1.

C 10-00647
ORDER

1  Bill of Costs, ECF No. 147 at 1.

2  On May 25, 2012, Mr. Johnson timely challenged the costs; his opposition can fairly be
3  interpreted as asking the court to deny them. *See* Plaintiff's Opposition to Bill of Costs, ECF No.
4  142; *see also* 4/19/2012 Order, ECF No. 137 (setting deadline of June 1, 2012 for doing so).

5  Federal Rule of Civil Procedure 54(d)(1) provides in relevant part: "Unless a federal statute,
6  these rules, or a court order provides otherwise, costs—other than attorney's fees—should be
7  allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a
8  presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion
9  to refuse to award costs." *Ass'n of Mexican Am. Educators v. California*, 231 F.3d 572, 591 (9th
10 Cir. 2000) (citing *National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)). But
11 the court's discretion is not unlimited; it must "specify reasons" for denying costs. *Id*. at 591–92
12 (citing *Subscription Television, Inc. v. Southern Cal. Theater Owners Ass'n*, 576 F.2d 230, 234 (9th
13 Cir. 1978)).

14 One reason for denying costs has been a non-prevailing party's limited financial resources. *See*
15 *National Org. for Women v. Bank of California*, 680 F.2d 1291, 1294 (9th Cir. 1982); *see also*
16 *Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1358 (9th Cir. 1984); *Moore v. Hughes*
17 *Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir. 1983). Indeed, and especially in civil rights cases,
18 "[i]ndigency is a factor that the district court may properly consider in deciding whether to award
19 costs." *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1079–80 (9th Cir. 1999) (citing
20 *National Org. for Women*, 680 F.2d at 1294).

21 Throughout this extended and extensive litigation, it became clear that Mr. Johnson, who is
22 proceeding *pro se* and is unemployed and living on a fixed income, has limited financial resources.
23 *See*, *e.g.*, Plaintiff's Motion to Extend Summary Judgment Deadlines, ECF No. 99 at 1. At times,
24 his limited financial resources were specifically brought to this court's attention. At the December
25 15, 2011 Further Case Management Conference, for instance, the court and Mr. Johnson discussed
26 the financial hardship that expert witness fees posed for him. *See* Minute Entry, ECF No. 93; *see*
27 *also* 12/9/2011 Joint Case Management Statement, ECF No. 90 at 3.

28 Given Mr. Johnson's circumstances and the authority cited above, the court finds good cause to

exercise its discretion and deny Defendant its costs. Accordingly, Defendant's bill of costs is DENIED.

This disposes of ECF No. 142.

**IT IS SO ORDERED.**

Dated: June 11, 2012.

_____
LAUREL BEELER
United States Magistrate Judge