UNITED STATES DISTRICT COURT

For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>            Plaintiff,<br>    v.<br><br>UNITED STATES,<br><br>            Defendant.<br>_____/ | No. C 10-00647 LB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE**<br><br>[Re: ECF No. 152, 155] |

Plaintiff James Johnson brought this medical malpractice action against Defendant United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. Complaint, ECF No. 1.[1] On March 30, 2012, the court granted Defendant's motion for summary judgment and denied Mr. Johnson's cross-motion for summary judgment in their entirety. 03/30/2012 Order, ECF No. 129. The court entered judgment for Defendant and against Mr. Johnson on the same day. Judgment, ECF No. 130. Mr. Johnson appealed to the Ninth Circuit and filed a motion to proceed *in forma pauperis*, which the Court granted. Order Granting Plaintiff's Application to Proceed *in forma pauperis*, ECF No. 154.

On June 25, 2012, Mr. Johnson filed an administrative motion requesting that transcripts of numerous events be prepared at the expense of the United States. Motion for Transcripts at

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 10-00647
ORDER

Government Expense, ECF No. 152; *see also* Amendment to Motion for Transcripts at Government Expense, ECF No. 155. He requests transcripts of: (1) the March 15, 2012 hearing on the parties' motions for summary judgment; (2) the case management conferences that took place on June 17, 2010, March 10, 2011, April 14, 2011, June 9, 2011, and December 15, 2011; (3) the July 1, 2010 "phone settlement conference"; and (4) Plaintiff's May 13, 2011 deposition. *Id.* It appears that Mr. Johnson's deposition may have taken place on April 13, 2011, not May 13, 2011, so for now the court will assume that the April date is correct. *See* Transcript, Walker Declaration, Ex. A, ECF No. 104-1 at 1-17. Defendant has not filed an opposition to the administrative motion within the four days allowed under Civil Local Rule 7-11(b). *See* N.D. Cal. Civ. L.R. 7-11(b).[2]

The Court may grant a motion for transcripts at government expense only if "the trial judge or circuit judge certifies that the appeal is not frivolous" and the appeal presents a "substantial question." 28 U.S.C. § 735(f); *Henderson v. United States,* 734 F.2d 483, 484 (9th Cir.1984).[3] A

---

[2] Apparently, Defendant did contact the court's courtroom deputy and suggested that, when a case is on appeal, a motion for transcripts at the government's expense normally is decided by the Ninth Circuit, not the district court. This, however, appears to be at odds with the prevalent practice in this district, as numerous judges in this district have ruled on such motions. *See*, *e.g.*, *Goodwin v. Cal. Dep't of Corrections Rehabilitation*, No. C 07-1924 JL, 2011 WL 115248 (N.D. Cal. Jan. 12, 2011); *Tuggles v. City of Antioch*, No. C08-01914 JCS, 2010 WL 3955784 (N.D. Cal. Oct. 8, 2010); *Washburn v. Fagan*, No. C03-0869 MJJ, 2007 WL 2043854 (N.D. Cal. July 12, 2007). Indeed, in *Washburn*, the Ninth Circuit denied the appellant's motion without prejudice to renewal before the district court. *See Washburn*, No. C03-0869 MJJ, ECF No. 377 (May 10, 2007). In light of this practice and these decisions, the court will rule on Mr. Johnson's motion.

[3] 28 U.S.C. § 753(f) provides in full:

Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is

substantial question exists where the issue before the court of appeals is "reasonably debatable." *Washburn v. Fagan*, No. C03-00869 MJJ, 2007 WL 2043854, *2 (N.D. Cal., July 12, 2007) (citations and internal quotations omitted). If there is any doubt as to the merits, the issue of providing a transcript at government expense should be resolved in favor of the appellant. *Id.*

Here, the issues raised in the parties' motions for summary judgment were legitimate and reasonably debatable and turned largely on the court's decisions regarding the sufficiency of the evidence presented to it. *See* 3/30/2012 Order, ECF No. 129. A transcript of the summary judgment hearing, for example, is important where, as here, Mr. Johnson presented the court with information and argument that did not exist in his papers. Moreover, the court already granted Mr. Johnson's motion to proceed *in forma pauperis* on his appeal, and, in doing so, already implicitly determined that his appeal is not frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). In any case, the court now certifies that it is not. Therefore, his motion for transcripts at government expense is **GRANTED**.

The question now becomes: What transcripts are available? Court reporters (Diane Skillman and Jan Walton, respectively) were present at and recorded the March 15, 2012 hearing on the parties' summary judgment motions and Mr. Johnson's deposition on April 13, 2011, so transcripts are available for those events. *See* 3/15/2012 Minute Order, ECF No. 128. A court reporter, however, was not present at and did not record any of the case management conferences for which Mr. Johnson requests transcripts. *See* 6/17/2012 Minute Order, ECF No. 19; 3/10/2011 Minute Order, ECF No. 41; 4/14/2011 Minute Order, ECF No. 48; 6/9/2011 Minute Order, ECF No. 56; 12/15/2011 Minute Order, ECF No. 93. Audio recordings of the them are available, however. With respect to the July 1, 2010 "phone settlement conference," the electronic remark on the docket indicates that ADR Program Staff Attorney Daniel Bowling conducted an ADR phone conference on that date, but this is not a settlement conference and the court does not believe that these type of

---

needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

1 proceedings are not recorded.

2     In light of the availability described above, the court **ORDERS** that (1) transcripts of the March 15, 2012 summary judgment hearing and Mr. Johnson's April 13, 2011 deposition and (2) audio recordings of the June 17, 2010, March 10, 2011, April 14, 2011, June 9, 2011, and December 15, 2011 case management conferences be provided to Mr. Johnson at government expense.

6     This disposes of ECF No. 152, 155.

7 **IT IS SO ORDERED.**

8 Dated: July 6, 2012.

                              LAUREL BEELER
                              United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**